UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PACIFIC REGIONAL MEDICAL CENTER,<br><br>                    Plaintiff,<br><br>         v.<br><br>GLOBAL EXCEL MANAGEMENT, INC.,<br><br>                    Defendant. | Case No. 13-cv-00540 NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

The issue before the Court is whether there is an independent, private right of action for violation of California Health & Safety Code § 1371.4, a provision of the state's Knox-Keene Act mandating that health plans reimburse emergency services providers. For the reasons set forth below, the Court holds that no such private right of action exists and, therefore, GRANTS defendant's motion to dismiss the case without leave to amend.

**I. BACKGROUND**

Plaintiff ("California Medical Center") is a California non-profit corporation which provides medical care to patients. Dkt. No. 1 ¶ 2. Defendant ("Global") is a Canadian for-profit corporation, which is in the business of arranging for the provision of health care services to its enrollees and/or paying for or reimbursing the cost of those services. *Id.* ¶ 3. Between August 2, 2008 and August 5, 2008, California Medical Center provided emergency medical treatment to an individual with the initials H.R. who was enrolled in a

health care service plan sponsored and/or administered by Global. *Id.* ¶ 8. California Medical Center submitted charges billed for H.R.'s emergency medical treatment to Global for payment. *Id.* ¶ 12. In response, Global submitted a payment of $38,240.65, but has not paid the balance of $78,346.71 that California Medical Center alleges is owed. *Id.* ¶¶ 12-14.

On February 7, 2013, California Medical Center filed this suit, alleging that Global's failure to fully reimburse the emergency services rendered to H.R. violated California Health & Safety Code § 1371.4(b). *Id.* ¶¶ 16-21. On April 4, 2013, Global filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 5. The Court held a hearing on the motion on May 15, 2013.

The Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Dkt. No. 1 ¶¶ 1-3. The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. Nos. 8-9.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556–57) (internal quotation marks omitted). All allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

//

## III. DISCUSSION

**A.     The Request for Judicial Notice of Legislative History Is Granted.**

As a general rule, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (Laporte, J.) (citations omitted). However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record." *Id.* Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See id.*

Here, both parties request that the Court take judicial notice of unreported district court decisions. While a court may take judicial notice of another court's order, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002), there is no need to do so here. The parties may cite to unreported district court decisions to the extent permitted by the local rules and the Court discusses these decisions below. *See* Civil L.R. 3-4(e), 7-14; *see also* Ninth Circuit Court of Appeals Rule 36-3.

In addition, Global requests that the Court take judicial notice of certain portions of the legislative history of California Health & Safety Code § 1371.4. California Medical Center does not oppose this request. Judicial notice of the legislative history of state statutes is appropriate under Federal Rule of Evidence 201. *See, e.g.*, *Hunt v. Check Recovery Systems, Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007). The Court grants Global's request for judicial notice as to Exhibits 3 and 4, Dkt. Nos. 15-3 and 15-4. The parties' remaining requests for judicial notice are denied, as not necessary.

**B.     California Health & Safety Code § 1371.4 Does Not Provide a Private Right of Action.**

Global moves to dismiss California Medical Center's complaint arguing that, while private parties may pursue violations of section 1371.4 of the Knox-Keene Act under

California's Unfair Competition Law (UCL) or certain common law theories, there is no independent right of action by private parties directly under the statute. Dkt. No. 5 at 2:11-14. In response, California Medical Center argues that there is "no binding precedent which holds that an independent cause of action is barred," and that the legislative intent indicates the existence of a private right of action under section 1371.4. Dkt. No. 10 at 5:26-27, 12:4-13:23.

This Court is bound by the decisions of the Supreme Court of California when interpreting state law. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994) (citations omitted). When the California Supreme Court has not spoken to a particular controversy, the Court must determine what result it would reach based on state appellate court opinions, statutes, and treatises. *Id.* (citations omitted). The Court is not bound by the decisions of lower state courts or other federal courts of equal rank. *Hart v. Massanari*, 266 F.3d 1155, 1169-70, 1174 (9th Cir. 2001). Because there is no binding case law on the issue presented by Global's motion, this Court must interpret the Knox-Keene Act to determine whether a stand-alone, private cause of action exists under California Health & Safety Code § 1371.4(b).

As a threshold issue, the parties appear to disagree about the relevant test for determining the existence of a private right of action under California law. In its opposition to the motion to dismiss, California Medical Center asserts that California courts imply a private right of action in accordance with the Restatement (Second) of Torts § 874(A). Dkt. No. 10 at 12:22-27. The Restatement test "allows the court itself to create a new private right to sue, even if the Legislature never considered creation of such a right, and if the court is of the opinion that a private right to sue is appropriate and needed." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 602 (2010) (internal quotation marks and citations omitted). As the California Supreme Court has made clear, however, the use of the Restatement test is limited to determining whether to "recognize a tort action for damages to remedy a *constitutional* violation." *Id.* (quoting *Katzberg v. Regents of University of California*, 29 Cal. 4th 300, 325 (2002)).

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
4

In *Lu*, the California Supreme Court recognized that a "violation of a state statute does not necessarily give rise to a private cause of action." *Id.* at 596 (citations omitted). "Instead, whether a party has a right to sue depends on whether the Legislature has 'manifested an intent to create such a private cause of action' under the statute." *Id.* (citations omitted). Such legislative intent may be revealed through the language of the statute and its legislative history. *Id.* (citations omitted). A statute may contain "clear, understandable, unmistakable terms, which strongly and directly indicate that the Legislature intended to create a private cause of action," for instance, by expressly stating that "a person has or is liable for a cause of action for a particular violation," or "more commonly, a statute may refer to a remedy or means of enforcing its substantive provisions, i.e., by way of an action." *Id.* at 597 (internal quotation marks and citations omitted). "If, however, a statute does not contain such obvious language, resort to its legislative history is next in order." *Id.* (citations omitted). If a statute does not expressly create a cause of action, there must be a "clear indication" that the Legislature intended to do so. *Id.* at 600. Applying this test, the Court concludes that, if presented with this issue, the California Supreme Court would likely hold that no private right of action is available for violation of California Health & Safety Code § 1371.4(b).

**1. The Statutory Language Does Not Expressly Create a Private Cause of Action.**

California Health & Safety Code § 1371.4 is part of the Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code § 1340 *et seq*. Section 1371.4(b) provides:

> A health care service plan, or its contracting medical providers, shall reimburse providers for emergency services and care provided to its enrollees, until the care results in stabilization of the enrollee, except as provided in subdivision (c). As long as federal or state law requires that emergency services and care be provided without first questioning the patient's ability to pay, a health care service plan shall not require a provider to obtain authorization prior to the provision of emergency services and care necessary to stabilize the enrollee's emergency medical condition.

This language does not expressly refer to a cause of action, a remedy, or means of

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
5

enforcing its substantive provisions. There are no clear or unmistakable terms indicating an intent to create a private right of action for violation of section 1371.4(b).

In support for its position that the language of section 1371.4(b) indicates a legislative intent to create a private right of action, California Medical Center argues that the provision is similar to the refund provision in *Goehring v. Chapman University*, 121 Cal. App. 4th 353, 377-78 (2004) which was found to explicitly denote a private right of action. In *Goehring*, the statute at issue, California Business and Professions Code § 6061, required unaccredited law schools to provide certain disclosure statements to students, and further provided that "[i]f any school does not comply with these requirements, it *shall make a full refund of all fees paid by students*." *Id.* at 377. The court held that the purpose of the refund provision was to "encourage compliance with disclosure requirements," and that this was indicative of the Legislature's intent to create a private right of action. *Id.* at 379. *Goehring* is distinguishable. Here, the statutory provision at issue sets forth rules regarding the authorization and reimbursement of emergency services. Unlike the provision in *Goehring*, California Health & Safety Code § 1371.4 contains no language that expressly entitles private parties to a remedy or penalty for violation of the statute. *See id.* at 377; *Lu*, 50 Cal. 4th at 603 n.8.

While no California court has been called upon to determine the availability of a stand-alone, private right of action for violation of section 1371.4(b), two California appellate decisions have held that medical providers could bring private actions for violations of the Knox-Keene Act under the UCL and common law theories. In *Coast Plaza Doctors Hosp. v. UHP Healthcare*, 105 Cal. App. 4th 693, 696, 705-06 (2002) the court held that the Knox-Keene Act did not bar a health care provider from seeking reimbursement required by California Health & Safety Code § 1371 directly from the health care insurer for services rendered to enrollees of the health care plan "on a common law breach of contract theory or under the unfair competition law (Bus. & Prof. Code, § 17200)." The court noted that "[t]he Knox-Keene Act itself contemplates that a health care plan may be held liable under theories based on other law." *Id.* at 706; *see* Cal. Health &

Safety Code § 1371.25 ("A plan, any entity contracting with a plan, and providers are each responsible for their own acts or omissions . . . . Nothing in this section shall preclude a finding of liability on the part of a plan, any entity contracting with a plan, or a provider, based on the doctrines of equitable indemnity, comparative negligence, contribution, or other statutory or common law bases for liability."). Similarly, the court in *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 214-16 (2005) held that emergency room physicians could bring a UCL claim based on section 1371.4 or a common law claim for quantum meruit against a health care services plan to obtain reimbursement for services provided. The court reasoned that "[a]lthough the Department of Managed Health Care has jurisdiction over the subject matter of section 1371.4 (as well as the rest of the Knox-Keene Act), its jurisdiction is not exclusive and there is nothing in section 1371.4 or in the Act generally to preclude a private action under the UCL or at common law on a quantum meruit theory." *Id.* at 216-17 (citations omitted). The courts in *Coast Plaza* and *Bell* contemplated causes of action under the UCL or at common law, and did not discuss the availability of a stand-alone, private cause of action for violations of the Knox-Keene Act. Therefore, they do not support California Medical Center's position.

Furthermore, the California Court of Appeal has observed that private parties do not have a general power to enforce the Knox-Keene Act. *See Blue Cross of California, Inc. v. Superior Court*, 180 Cal. App. 4th 1237, 1250 (2009) ("although the Knox-Keene Act expressly authorizes the DMHC to enforce the statute and does not include a parallel authorization for suits by private individuals, private individuals can bring suit under the UCL for violations of the Knox-Keene Act." (citing *Bell*, 131 Cal. App. 4th at 216-17)); *California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 161 (2001) (noting that a private party did not have a general power to enforce the Knox-Keene Act, and that such power has been entrusted exclusively to the DMHC (citations omitted)).

In its opposition, California Medical Center relies on language from *California Medical Association* stating that private parties may "sue to enjoin acts made unlawful by

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS            7

Knox-Keene." *California Medical Association*, 94 Cal. App. 4th at 161 (citations omitted). California Medical Center's assertion, that this is precisely what it is seeking to do in the present case, has no merit. Dkt. No. 10 at 8:18-22. As California Medical Center acknowledged at the hearing on the motion to dismiss, it is seeking damages, not an injunction against Global. *See also* Dkt. No. 1 at 6. Moreover, in the above quoted statement, the court in *California Medical Association* relied on *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1299 (1993) which involved unfair competition claims, not a stand-alone cause of action under the Knox-Keene Act. Likewise, the plaintiff in *California Medical Association* brought a UCL claim seeking to enjoin an act made unlawful by the Knox-Keene Act. 94 Cal. App. 4th at 169.

Unlike the plaintiffs in the above state court cases, here, California Medical Center has not brought a UCL or common law cause of action, and instead seeks to maintain a stand-alone cause of action directly under section 1371.4. At least one U.S. district court has held that no such private right of action is available under that statute. *See Regents of University of California v. Global Excel Management, Inc.*, No. 10-cv-8164, 2010 WL 5175034, at *4 (C.D. Cal. Dec. 10, 2010). In *Regents*, the court considered a Rule 12(b)(6) motion to dismiss a private action against Global for its alleged failure to provide reimbursement in violation of California Health and Safety Code § 1371.4. In granting the motion, the court stated that, while there is nothing in section 1371.4 that precludes private causes of action to pursue reimbursement of amounts owed, those actions are limited to "other statutes, like California's Unfair Competition Law, or common law doctrines such as 'equitable indemnity, comparative negligence, contribution,' or *quantum meruit*." *Id.* (citing *Coast Plaza*, 105 Cal. App. 4th at 706-07).

California Medical Center asserts that the holding in *Regents* is not persuasive in that the decision conflicts with the same court's earlier decision in *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. 09-3627, 2009 WL 7322253 (C.D. Cal. Dec. 30, 2009). Dkt. No. 10 at 9:20-23. This point is not well taken. *Cedars-Sinai* involved unfair competition and common law claims for reimbursement by a hospital which was an assignee of patients'

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
8

insurance polices, not a stand-alone claim under the Knox-Keene Act. WL 7322253, at *1. One of the defendant insurance companies moved to dismiss all the claims for improper venue based on a forum selection clause in the insurance policy. *Id.* The hospital argued that the forum selection clause should be limited to the breach of contract and breach of implied covenant of good faith and fair dealing claims, but not to the remaining, "unassigned claims" for breach of implied contract, quantum meruit, unjust enrichment, and unfair competition. *Id.* at *4. The court noted in passing that, "even in the absence of an assignment, Cedars-Sinai's unassigned claims may have been brought under the Knox-Keene Act." *Id.* at *6. Nonetheless, the court concluded that the unassigned claims were also covered by the forum selection clause because they originated in the policy between the insurance company and the patients. *Id.* There is nothing in the court's opinion that suggests the availability of a stand-alone claim under the Knox-Keene Act. Dkt. No. 10 at 9:20-10:15. To the contrary, the language from *Cedars-Sinai* upon which California Medical Center relies cites to *Bell*, which involved a UCL claim and a common law claim for quantum meruit, not a private right of action under the Knox-Keene Act. *See Bell*, 131 Cal. App. 4th at 214, 216.

California Medical Center also urges the Court to adopt the holding in *Enloe Medical Center v. Principal Life Ins. Co.*, No. 10-cv-2227, 2011 WL 6396517, at *8-9 (E.D. Cal. Dec. 20, 2011), which disagreed with the *Regents* court's holding that causes of actions under section 1371.4 are limited to other statutes. Dkt. No. 10 at 10:19-11:18. In so holding, the *Enloe* court observed that *Bell* and *Coast Plaza* only analyzed claims based in the UCL and common law, and that neither case foreclosed a stand-alone claim. *Id.* at *8-9. The court noted, however, that the parties did not adequately brief whether the statute provides an independent cause of action and expressly declined to engage in a *sua sponte* analysis of this issue. *Id.* This issue is now presented by the motion to dismiss before this Court. Because section 1371.4 does not contain language expressly creating a private cause of action, the Court will turn to an examination of the Legislature's intent, as required by the California Supreme Court. *Lu*, 50 Cal. 4th at 597.

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
9

2. **The Legislative History Does Not Manifest an Intent to Create a Private Right of Action.**

The Knox-Keene Act is a comprehensive system of licensing and regulation under the jurisdiction of the Department of Managed Health Care. *Bell*, 131 Cal. App. 4th at 215 (citation omitted). The purpose of section 1371.4, as articulated in the comments to the Bill Analysis, was to alleviate concerns regarding managed healthcare. S. Rules Comm., Office of S. Floor Analyses, Unfinished Bus., Analysis of S.B. No. 1832 (Cal. 1993-1994 Reg. Sess.) as amended May 4, 1994. Section 1371.4 introduced a series of provisions to ensure that California's citizens received proper care and to eliminate "incentives for carriers to deny care and reduce payments to physicians." *Id.* Specifically, section 1371.4 details guidelines and procedures for handling authorization of a patient's care. Analysis of S.B. 1832 as amended Aug. 12, 1994. As articulated by Assembly Member Bill Morrow in connection with a proposed amendment to the statute, the purpose of section 1371.4 was to "ensure that health care service plans provide coverage for emergency services and care up to the point of stabilization," after which point authorization would be required. Cal. Assemb. Journal, No. 264 (1997-1998 Reg. Sess.); *see also Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 790 (2004) (noting that the intent of section 1371.4 was to require health care service plans to pay for emergency services that were not preapproved and that otherwise might not be covered). The Legislative Counsel's Digest states that the bill which introduced section 1371.4 "would require health care service plans to reimburse providers for emergency services and care without prior authorization in specified circumstances." Legislative Counsel's Digest for S.B. 1832 (Sept. 16, 1994), Dkt. No. 15-3.

As in *Lu*, 50 Cal. 4th at 601, there is no acknowledgement in the legislative history that a private right of action existed under section 1371.4, *see* Dkt. Nos. 15-3 and 15-4, which "is a strong indication the Legislature never intended to create such a right of action." Moreover, section 1371.4 has been amended four times since it was ratified in 1994. The substantive changes were clarifications regarding post-stabilization care which further

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
10

emphasizes the section's focus on patient care. Analysis of S.B. 1832 as amended May 4, 1994. A review of the legislative history of section 1371.4 thus reveals no intent to create a private right of action under the statute.

Despite arguing that the "legislative underpinnings of the statute clearly point to the existence of a private right of action under Section 1371.4," California Medical Center has failed to identify any manifestation of an intent to create such a private right of action in the legislative history. Dkt. No. 10 at 13:21-22. Instead, California Medical Center makes the sweeping assertion that, without a private right of action, the statute "would never be enforced." Dkt. No. 10 at 13:3-4. In support of this assertion, California Medical Center cites *Bell*, 131 Cal. App. 4th at 218, where the court noted that the Department of Managed Health Care has supported private enforcement of the Act. Dkt. No. 10 at 13:3-19. California Medical Center's argument does not provide a sufficient basis for finding a private right of action in the absence of a clear manifestation of legislative intent. *See Lu*, 50 Cal. 4th. at 601 (noting that "when neither the language nor the history of a statute indicates an intent to create a new private right to sue, a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable, burden of persuasion." (citations omitted)). In any event, that argument fails because nothing prevents the enforcement of the statute under the UCL or common law theories, as the court in *Bell* and the Department of Managed Health Care, as quoted in *Bell*, both acknowledged. *Bell*, 131 Cal. App. 4th at 218; *see Lu,* 50 Cal. 4th at 603-04 (a court's holding that a statute does not provide a private cause of action does not necessarily foreclose the availability of other remedies such as common law theories, or prevent the Legislature from creating additional remedies).

Furthermore, courts have noted that the Knox-Keene Act, in conferring on private parties the right to enjoin violations of the Act under the UCL or at common law, did not confer on parties a general power to enforce it. *See California Medical Association*, 94 Cal. App. 4th at 161. Since *California Medical Association*, California Health & Safety Code § 1371.4 has been amended three times without any clarification as to whether an

Case No. 13-cv-00540 NC
ORDER GRANTING MOTION TO DISMISS
11

independent, private cause of action is available. The Legislature's silence on the issue may be indicative of its intent to not create such a cause of action. *See Wilcox v. Birtwhistle*, 21 Cal. 4th 973, 983 (1999) (acknowledging that, while not determinative, legislative silence after a court has construed a statute may give rise to an inference of acquiescence or passive approval).

Because neither the language, nor the legislative history of section 1371.4(b) contain a clear indication of the Legislature's intent to provide for an independent, private cause of action, this Court declines to create one. Accordingly, the Court GRANTS Global's motion to dismiss.

## C. Leave to Amend Would Be Futile.

Where a court dismisses for failure to state a claim under Rule 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). At the hearing on the motion to dismiss, California Medical Center conceded that it does not have recourse under the UCL or at common law, because any such potential claims are time-barred. Accordingly, California Medical Center's stand-alone claim under California Health & Safety Code § 1371.4 is dismissed without leave to amend.

## IV. CONCLUSION

Global's motion to dismiss California Medical Center's claim for violation of California Health & Safety Code § 1371.4, on the ground that there is no private right of action for violation of that statute, is granted without leave to amend.

IT IS SO ORDERED.

Date: June 4, 2013

Nathanael M. Cousins
United States Magistrate Judge